UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE HENRY IVES,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:13-cr-20272
CIV. CASE NO.: 1:15-cv-13391
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND
RESPONDENT'S MOTION TO DISMISS**
(Docs. 44, 54)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 44) be **DENIED** and Respondent's motion to dismiss (Doc. 54) be **GRANTED**.

## II.    REPORT

### A.    Introduction

On April 24, 2013, Petitioner Eugene Ives, an Indian, was indicted on three counts of sexual abuse of a minor between the ages of 12 and 16 years on the Isabella Reservation in violation of 18 U.S.C. §§ 2243(a), 1151, and 1153. (Doc. 10) Petitioner was also indicted on one count of attempt to transfer obscene material to a minor in violation of 18 U.S.C. § 1470. (*Id.*) On December 5, 2013, Petitioner and the government entered into a Rule 11 Plea Agreement providing that the "defendant's guideline range is 63-78 months" and that the court will impose a sentence pursuant to 18 U.S.C. § 3553." (Doc. 27, at ID 68.) Pursuant to the Rule 11 Plea Agreement, Petitioner pleaded guilty to two counts of sexual abuse of a minor in

violation of 18 U.S.C. § 2243(a). (*Id.*, at ID 62; Doc. 25 R&R on Plea of Guilty, at ID 58-59.) On March 13, 2014, Petitioner and the government stipulated that Petitioner could withdraw from the guilty plea due to a mutual mistake by the parties in the guidelines calculations; "[t]he correct range is 360 months to life." (Doc. 32, at ID 123.)

On April 5, 2014, Petitioner and the government entered into a second Rule 11 Plea Agreement. (Doc. 36.) Pursuant to the agreement petitioner pleaded guilty to "sexual abuse of a minor in Indian country in violation of 18 U.S.C. § 2243(a) and 18 U.S.C. § 1153." (Doc. 36 at ID 131; Doc. 38, R&R on Plea of Guilty, at ID 152-53.) Judgment was entered on August 28, 2014, and Petitioner was sentenced to 180 months imprisonment. (Doc. 42, Judgment, at ID 165.) Petitioner did not file an appeal.

The plea agreement included a stipulation that the court would consider the following conduct in fashioning petitioner's sentence which occurred between August 2012 and October 2012: Petitioner chatted on-line with an undercover police officer, believing that it was a 14-year-old girl, about sex and masturbation and sent sexual content to this person over the internet. (Doc. 36, at ID 133-34.) The plea agreement noted that there were no sentencing guideline disputes and that the petitioner's sentence would be 180 months followed by a term of supervised release of at least 5 years and as much as life. (Doc. 36 at ID 136.) Petitioner could not withdraw from the agreement. (*Id.* at ID 139.) In addition, the plea agreement contained a waiver of Petitioner's right to collaterally attack his conviction or sentence in any post-conviction proceeding, including, but not limited to, any proceeding under 28 U.S.C. §

2255. (*Id.* at ID 140.) The sentence imposed, 180 months, was in accordance with the agreement.

On September 24, 2015, Plaintiff filed the instant motion to vacate his sentence. (Doc. 44.) Respondent filed its motion to dismiss on November 5, 2015. The Court construed Petitioner's February 9, 2016 letter as a motion to Extend Petitioner's Time to Reply, and extended Petitioner's time to file a response to May 6, 2016. (Doc. 59.) Petitioner did not file a response. Accordingly, Respondent's motion to dismiss (Doc. 54) is ready for report and recommendation without oral argument under Local Rule 7.1.

Petitioner's § 2255 motion to vacate his sentence asserts that his trial counsel was ineffective because: (1) the attorney "did not do enough to help me or try to let me know about my case;" (2) petitioner "should not have withdrawed [sic] the plea of 5 to 6 months;" (3) the attorney informed petitioner that the police did not have to show a warrant when they arrested him to search the house; and (4) the "attorney said that the internet was droped [sic] that was a lie because it is in there that I cannot use the internet or email but also all I was charged with was touching a minor in my care as my stepdauther. [sic] I should not have the internet charge on there at all." (Doc. 44, at ID 178-82.) Various times throughout the motion Plaintiff indicates that he did not appeal or previously raise these issues because he "was not in a state of mind until I got depression meds" (*Id.* at ID 178), "it toke [sic] a while to get back to thinking and the depression meds help" (*Id.* at ID 179), and "I was depressed and upset and wanted it to be over so I could think of killing myself, but the pills help now." (*Id.* at ID 183.)

3

At the plea taking, petitioner indicated that he has had trouble understanding the things his attorney has been talking about. (Doc. 51, Transcript, at ID 207.) The court stated that "We'll go through that and if at some point you do not understand any of my questions, you tell me because you have the right, in fact, it is my obligation to make sure you fully understand the nature of this plea that you're considering." (*Id.*) Petitioner agreed to stop the Court and ask any questions that he may have. (*Id.*) Petitioner indicated that he was not under the influence of any medications or under the care of a doctor for any medical conditions that might affect his ability to understand what is going on. (*Id.*) The court then concluded that the petitioner was competent to enter a guilty plea. (*Id.*)

Petitioner testified that he understood that he has been charged with a felony with penalties of up to fifteen years imprisonment followed by at least five years of supervised release and that he could face lifetime supervised release and fines of up to $250,000. (Doc. 51, at ID 208.) He further testified that he had discussed this with his attorney more than once and that he was satisfied with his attorney's service. (*Id.*) Petitioner was informed of the trial rights he would be giving up by pleading guilty and he was informed of the civil rights consequences to pleading guilty. (*Id.* at ID 208-11.)

> Government counsel then stated the following:
>
> I would start by summarizing just the history because we did have a plea with your Honor earlier where the defendant made all the admissions that he is going to make today from the Rule 11 and in that previous agreement we had him pleading to two charges and we – myself and the defense, both mistakenly scored him much lower than he actually should have been scored.
>
> When it came to sentencing, the judge -- the sentencing judge indicated that he was not going to honor the plea agreement and, of course, the defendant had the right to withdraw his plea which he did and the plea agreement was modified. So

> he is still admitting to all the same stuff that he admitted to before, however, he is only pleading to one count and then the guidelines are obviously limited by the statutory maximum and they turn out to be the 180 months for the 15-year offense. And I just wanted to give the Court some background on that.

(Doc. 51, at ID 211-12.) Government counsel highlighted the important provisions of the Rule 11 agreement (*Id.* at 212-15), and read, word for word, the appeal waiver and collateral attack waiver provisions. (*Id.* at ID 214-15.) Petitioner indicated that he did not hear anything that was different from his understanding, that he was entering into the agreement voluntarily and because he was responsible for the offense, and that no one had used any force or coercion to convince him to plead guilty. (*Id.* at ID 216-18.) Petitioner indicated that he understood that "If you are sentenced in the way that's written here, you will not be able to successfully appeal what happens to you ever." (*Id.* at ID 117.). He further indicated that he understood that he "will not be able to successfully appeal immediately after the sentence is handed down, nor will you be able to successfully appeal later on in what's called a habeas corpus action or a motion to vacate the sentence or a collateral attack." (*Id.* at 117-18.)

Petitioner's counsel stipulated to the Court relying on the factual basis provided in the first guilty plea. (Doc. 51, at ID 218-19.) Petitioner than acknowledged that the following factual basis was correct, "sometime between 2003 and 2005, you intentionally touched, with sexual intent someone by the name V.E," Petitioner forcibly held V.E. down against her will, V.E. was 14 or 15 years old, Petitioner was more than four years older than V.E, Petitioner was responsible for V.E.'s care at that time, and this occurred on the Isabella Reservation. (Doc. 51, at ID 219-20.) Petitioner also acknowledged that

5

the following was accurate, Petitioner "had sexual conduct between 2003 and 2005 with somebody by the name of T.E.," T.E. was 13, 14, or 15 at that time, and Petitioner "touched her in various places during this time to gratify your sexual desire." (*Id.* at 220.) Petitioner also acknowledged "that in 1994 or 1995, you forced somebody by the name of K.K.W. into sexual acts," and K.K.W. was 9 or 10 at that time. (*Id.* at 220-21.) Petitioner also acknowledged that "sometime between August and October, 2012, you began to communicate with somebody who turned out to be an undercover officer," believing that the officer was a 14-year-old female the Petitioner had various conversations of a sexual nature with that person, and Petitioner invited that person to engage in sexual activity." (*Id.* at 221.) After establishing the other jurisdictional elements of the crime, and confirming Petitioner's awareness of other aspects of the plea agreement, the court asked how Petitioner wanted to plead; Petitioner responded, "Guilty." (Doc. 39 at ID 221-25.)

### B. Law and Analysis

#### 1. General Law

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage

of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

### 2. Waiver

Respondent's motion to dismiss contends that the collateral attack waiver in the instant plea agreement should be enforced as it is substantially similar to other such waivers that have been approved and enforced in the Sixth Circuit. (Doc. 54 at ID 249-52.) Respondent also contends that Petitioner does not raise any issues that are cognizable in a § 2255 motion, does not "contend that the attorney gave him erroneous or insufficient advice as to the terms of the plea agreement or his decision to plead guilty," or "deny that he understood all the terms of his plea agreement, including the [waiver]." (Doc. 54, at ID 249, 252.)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Thus, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (noting that "plea-agreement waivers of § 2255 rights are generally enforceable"). However,

> [I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1989), it would be entirely circular for the government to argue that the defendant has waived his right to an

appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Acosta*, 480 F.3d at 422. Nevertheless, "Enforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012) (citations omitted). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate and collateral attack waiver will be enforced. *Id.*

Petitioner does not argue that his plea was not knowing or voluntary. Even though petitioner argues that his counsel was ineffective for a myriad of reasons, he does not expressly contend that his plea was the product of ineffective assistance of counsel. Petitioner does not allege that he was "scared" based on any threats or coercion from his attorney or anyone else; he states only that his attorney "did not do enough to help me or try to let me know about my case." He does state that he "was not in a state of mind until I got depression meds" (*Id.* at ID 178), "it toke [sic] a while to get back to thinking and the depression meds help" (*Id.* at ID 179), and "I was depressed and upset and wanted it to be over so I could think of killing myself, but the pills help now." (*Id.* at ID 183.) However, he does not allege that he involuntarily or unknowingly entered the Rule 11 Plea Agreement or plead guilty because of his depression. I suggest that Petitioner has not alleged that his plea was the product of ineffective assistance of counsel; therefore, I further suggest that the collateral attack waiver should be enforced and the case dismissed.

*3. Timeliness*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), contains a one-year statute of limitations for petitions seeking to vacate, set aside or correct federal sentences. 28 U.S.C. § 2255.[1] In this case the statute of limitations began to toll on "the date on which the judgment of [Petitioner's] conviction [became] final." 28 U.S.C. § 2255(f)(1); *see Howard v. United States*, 533 F.3d 427, 475 (6th Cir. 2008.) When a § 2255 petitioner does not pursue a direct appeal to the court of appeals, his or her conviction becomes "final" 14 days after the entry of judgment, when the time for filing a direct appeal expires. Fed. R. App. P. 4(b); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (relying on Fed. R. App. P. 4(b)(1) prior to the 2009 amendment from 10 to 14 days); *Callins v. United States*, No. 04-20009, 2015 U.S. Dist. LEXIS 45611, at *3-4 (E.D. Mich. Apr. 7, 2015).

---

[1] 28 U.S.C. § 2255 states:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment was entered on August 29, 2014; thus it became final September 12, 2014. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004)(judgment final when time period under Fed. R. App. P. 4(b)(1)(A)(i) runs, which is currently fourteen calendar days after entry of judgment where no appeal is filed). Therefore, Petitioner had until Monday, September 14, 2015 to file a motion under § 2255. Fed. R. Civ. P. 6(a)(1)(C) Although Petitioner did not date his motion, the United States Postal Stamp is dated September 17, 2015. (Doc. 44 at ID 188.) Thus I also suggest that Petitioner's motion to vacate should be dismissed as untimely.

C. **Evidentiary Hearing**

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion and grant Respondent's motion to dismiss.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to

this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 6, 2016             S/ PATRICIA T. MORRIS
                               Patricia T. Morris
                               United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Eugene Henry Ives #48470-039 at Loretto Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Loretto, PA 15940.

Date: July 6, 2016             By s/Kristen Krawczyk
                               Case Manager