UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE HENRY IVES,

        Petitioner,                        Case No. 13-cr-20272

v                                              Honorable Thomas L. Ludington
                                                 Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

On May 21, 2013 an indictment was issued charging Petitioner Eugene Henry Ives with one count of attempting to transfer obscene material to a minor in violation of 18 U.S.C. § 1470. *See* ECF No. 1. A superseding indictment was issued that same day, adding two counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a), 1151 and 1153, and two counts of abusive sexual contact with a minor in violation of 18 U.S.C. §§ 2244(a)(3), 1151 and 1153. *See* ECF No. 4. Both the original indictment and the superseding indictment were signed by the grand jury foreperson, as required by Federal Rule of Criminal Procedure 6(c).

On May 24, 2013 Ives filed an acknowledgement of the first superseding indictment in which he represented that he had read and understood the superseding indictment, and waived its being read aloud in open court. *See* ECF No. 10. Ives initially pled guilty to the two sexual abuse charges on December 19, 2013, but after the presentence report disclosed that the parties had made a mutual mistake in calculating the guidelines, Ives was allowed to withdraw his guilty plea on March 19, 2014. *See* ECF No. 33. On April 17, 2014 Ives pled guilty to one count of

sexual abuse of a minor. Ives was sentenced to 180 months' imprisonment on August 26, 2014, and judgement was entered on August 28, 2014. *See* ECF No. 42.

**I.**

On January 24, 2016, after unsuccessfully petitioning to vacate his sentence pursuant to 28 U.S.C. § 2255, Ives filed a motion to dismiss his indictment for alleged noncompliance with Federal Rules of Criminal Procedure 6(c) and (f). *See* ECF No. 63. Federal Rule of Criminal Procedure 6(c) provides that "The foreperson – or another juror designated by the foreperson – will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders." Federal Rule of Criminal Procedure 6(f) provides that "[a] grand jury may indict only if at least 12 jurors concur. The grand jury … must return the indictment to a magistrate judge in open court." Ives alleges that because the grand jury procedures were not followed this Court was without jurisdiction to prosecute him.

Ives's motion is without merit for a number of reasons. First, by failing to challenge that Grand Jury Procedure during the course of his prosecution he waived the right to challenge the procedure on appeal or on collateral attack. Any alleged errors in a grand jury proceeding "must be raised by pretrial motion." Fed. R. Crim. P. 12(b)(3)(A)(v); *see also United States v. Edmond*, ––– F.3d –––, 2016 WL 832834, at *5 (6th Cir. Mar. 3, 2016). Because Ives' case is no longer pending, his challenge to the grand jury proceeding, and thus his challenge to this Court's jurisdiction under Rule 12(b)(2), is untimely. *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that "[a]fter a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction").

Second, under the terms of his plea agreement Ives knowingly and voluntarily waived the right to file any appeals or post-conviction challenges. *See* Plea Agreement p. 9, ECF No. 36.

Finally, the substance of Ives' motion is without merit. Ives waived his right to have a jury return the superseding indictment in open court. *See* ECF No. 10. He also has no right to information he seeks regarding the grand jury's deliberation and votes as such information is secret pursuant to Federal Rule of Criminal Procedure 6(e). *See, e.g., United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958) (noting that Rule 6(e) embodies the "long-standing policy that maintains the secrecy of the grand jury proceedings in federal courts."); *In re Grand Jury Investigations*, 903 F.2d 180, 182 (3d Cir. 1990) (holding that criminal defendants "are not normally entitled to the names of the members of the grand juries that indicted them."). Furthermore, the record regarding number of jurors concurring in an indictment may not be made public absent a court order under Federal Rule of Criminal Procedure 6(c).

**II.**

Ives also argues that the court lacks jurisdiction over him because "the judicial district of Eastern Michigan, where the criminal activity is alleged to have occurred, is not owned by the Federal Government and jurisdiction has not been ceded over that land as required by 40 U.S.C. § 3112…." This argument is wholly without merit. Again, because Ives' case is no longer pending his jurisdictional challenge is untimely under Rule 12(b)(2). Even so, this Court properly had jurisdiction over Ives' prosecution pursuant to 18 U.S.C. §§ 1151 and 1153.

**III.**

Ives pleaded guilty in this case and received the sentence he bargained for. His belated attempt to challenge the validity of his prosecution has no merit and is untimely.

- 4 -

Accordingly, it is **ORDERED** that Defendant Ives' motion to dismiss, ECF No. 63, is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: January 27, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 27, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager